UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| AUBREY JOHNSON, | : | |
| --- | --- | --- |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 3:19-cv-1453 (KAD) |
| | : | |
| STATE OF CONNECTICUT, | : | |
| Respondent. | : | |

**ORDER OF DISMISSAL**

**Preliminary Statement**

The petitioner, Aubrey Johnson ("Johnson"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2010 conviction of possession of narcotics with intent to sell. *See State v. Johnson*, No. KNL-CR10-0110672-T (Conn. Super. Ct. Sept. 27, 2010).[1] Upon review of the petition, it is apparent that Johnson did not exhaust his state court remedies before commencing this action. The petition must therefore be dismissed, albeit without prejudice.

**Background**

Johnson pled guilty and was sentenced on September 27, 2010 to a term of imprisonment of four years followed by four years of special parole. Doc. No. 1 ¶¶ 2, 3, 6. He did not appeal his conviction. *Id.* ¶ 8.

On March 20, 2019, Johnson filed a motion for sentence modification in state court, challenging his sentence on the grounds that imposition of the term of special parole violated his rights to due process and to be free from double jeopardy. *Id.* ¶ 11. He has not yet received a

---

[1] Available at jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=4472e8fd-4cfd-479b-bdbd-27768321cae3.

hearing on his motion and is awaiting action from the court. *Id.* Johnson concedes that, once the trial court rules on his motion, he may appeal that decision. *Id.* ¶ 11(e).

On September 16, 2019, Johnson commenced this action challenging his sentence on the same grounds raised in his motion for sentence modification.

**Standard of Review**

Before filing a petition for writ of habeas corpus in federal court, Johnson must properly exhaust his state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). He must present the essential factual and legal bases for his federal claims to each appropriate state court, including the highest state court capable of reviewing it, to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).

Failure to exhaust state remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b)(1)(B).

**Discussion**

A decision on a motion to modify sentence may be appealed. *See, e.g., State v. Lombard*, 19 Conn. App. 631, 563 A.2d 1030 (1989) (considering appeal from trial court decision granting motion to modify sentence). Johnson also concedes in his petition that he can file an appeal once the state court decides his motion. Thus, it is clear from the face of the petition that state court remedies are available to Johnson and that he is in the process of pursuing them. As the

2

Connecticut Supreme Court has not yet been afforded an opportunity to review his claims, Johnson has not exhausted his state court remedies. This federal petition is premature.

**Conclusion**

The petition for writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust state court remedies before commencing this action. Johnson may file a new habeas action after the Connecticut Supreme Court has ruled on his claims.

The Court concludes that jurists of reason would not find it debatable that Johnson failed to exhaust his state court remedies on the double jeopardy and due process challenges asserted in the petition. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).

The Clerk is directed to close this case.

**SO ORDERED** this 19th day of September 2019 at Bridgeport, Connecticut.

/s/<br>
Kari A. Dooley<br>
United States District Judge